Peck, J.
delivered the opinion of the court.
It is insisted, the act of Assembly is unconstitutional. The law as it exists at the time of the death of a member of society, fixes the rights of parties; these rights should be uniform; laches or accident may be the cause of the loss of a right which one more vigilant might save. This does not arise from defect of law; but it may arise from the neglect or misfortune of one claiming the benefit of it. It should be the business of the judge to see that the scales of justice be held with an even hand. An interference with the uniform adminstration of justice, directing that administration aside from uniformity, so as to give to one man rights which must be denied to another, would at once be subversive of the liberty and security guaranteed by the constitution. This -would be emphatically the case, if any power but the court was permitted to direct at pleasure the rule and measure of 'justice, in specified cases. Who would be safe if the Legislature were permitted to dictate the decision of causes pending? What would be the use of courts under such a state of things ? They would be mere instruments in the hands of others; and all their powers and usefulness would be *322 paralized. They might make records and issue process; but the mind and independence would be gone; and with these would also go responsibility; for if the agent be not free to act, there should not be accountability; hence arises the great necessity of courts looking to their own constitutional rights and powers, and firmly disregarding all attempts at innovation upon them. Admit the principle that the legislature at pleasure can take from or add parties in causes pending, and how can the court look forward to results? The obligation of the judge, “that he will do equal law and right to all persons;” that he will delay no one of common right, by reason of any command from any person or persons in authority, or for other cause whatever; but that he will faithfully, truly and justly do equal and impartial justice to individuals and the public; are the great and mighty barriers to all encroachment upon that administration of justice, which puts citizen upon an equal footing with citizen. Who on the death of Elrod became instantly interested in the subject matter litigated in this suit? The widow, the heirs, and creditors of the deceased, had a direct interest; an interest which a law uniform in its operation, fixed and established. To settle the interests of all, needed no legislation. The way was plain, and it was for the court to see that it was properly pur- . sued. What is the attempt made? To disregard the rules which were general; make an excepted case of the present; substitute a person not known to the law of the land, and permit him without responsibility to stand in the place of Peter Elrod, and prosecute the suit. It is asked, what section of the constitution has been violated by the act in question ? It is answer enough to say, that the act takes away from some their vested rights, and gives them to others; changes the nature of obligations, and dispenses with the liabilities which all others in similar situations would lie under. There is no aspect in which it can be viewed, that does not present a strange anomaly, alike conflicting with the sworn duty of the judge, the vested *323 rights of persons, and the constitution. What is the difference between such a course, and appointing a judge over the head of the legitimate and constitutional one, to decide the cause? None can be perceived in principle; though, in fact, the consequences, in the case before us, may be the most injurious and fatal to rights. The act in question, being repugnant to the constitution, gave to Young no authority to prosecute this suit. The judgment is therefore reversed.
Judgment reversed.